IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNELL KING, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3061 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT P. HOUSTON, Director, | ) | MEMORANDUM OPINION |
| DIAN SABATKA-RINE, Warden, | ) | |
| JOANNE HILGERT, Tek Ind. | ) | |
| Supervisor, and C.S.I. | ) | |
| DIRECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on its own motion. For the reasons set forth below, the Court will dismiss this matter because plaintiff's complaint and amended complaint fail to state a claim upon which relief may be granted.

I.  BACKGROUND

Plaintiff filed this matter against Robert Houston ("Houston"), Diane Sabatka-Rine ("Sabatka-Rine"), Joanne Hilgert ("Hilgert"), Mel Soyh ("Soyh"), and "C.S.I. Director." (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleged employment discrimination claims against Hilgert and Soyh, as supervisors operating a private firm within the Nebraska State Penitentiary, plaintiff's place of confinement. Plaintiff also alleged that he complained about the employment discrimination to prison

officials Houston and Sabatka-Rine who "did not take his complaints seriously." (*Id.* at CM/ECF pp. 6-22.)

On August 26, 2013, the Court conducted an initial review of plaintiff's complaint (Filing No. 13). It determined that plaintiff had failed to allege that he had exhausted his administrative remedies prior to filing his employment discrimination action. (*Id.* at CM/ECF pp. 8-9.) In addition, it determined that plaintiff's allegations that prison officials did not take his complaints and grievances "seriously" did not set forth any action by defendants that violated any constitutional right. (*Id.* at CM/ECF p. 7.) Plaintiff was given 30 days in which to file an amended complaint that stated a claim upon which relief may be granted against defendants. Plaintiff filed an amended complaint on October 1, 2013 (Filing No. 14).

**II. DISCUSSION OF AMENDED COMPLAINT**

    **A. Employment Discrimination Claims**

Plaintiff explicitly states in his amended complaint that "he did not exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ('EEOC') or the Nebraska Equal Opportunity Commission ('NEOC')." (*Id.* at CM/ECF p. 15.) Plaintiff does not explain his failure to seek relief through the EEOC or the NEOC. As the Court explained in its Memorandum and Order dated August 26,

-2-

2013, prior to filing an employment discrimination suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. 42 U.S.C. § 2000e-5(f)(1). *See Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030 (8th Cir. 2005) (analyzing discriminatory discharge claims asserted by inmate who worked for private firm operating within state penitentiary under Title VII). Here, plaintiff did not exhaust his administrative remedies prior to seeking relief in this Court.

Moreover, Title VII prohibits an employer from discharging an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges that he is a black male and he was terminated from his employment, but he does not allege any facts showing that his employment was terminated *because he is a black male*. For these reasons, plaintiff has failed to state an employment discrimination claim upon which relief may be granted.

    **B.    Claims About Prison Grievances**

Plaintiff alleges in his amended complaint that Houston and Sabatka-Rine's failure to take his grievances and complaints about the employment discrimination "seriously" violated prison policies and constituted "cruel and unusual punishment." (Filing No. 1 at CM/ECF pp. 9-13.) However, any failure to respond to

plaintiff's grievances does not state a substantive constitutional claim.  See *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (finding that the denial of grievances does not state a substantive constitutional claim).  Moreover, plaintiff alleges that he filed grievances with defendants alleging employment discrimination *two years after he was terminated from the work assignment*.  Defendants' failure to take corrective action two years after plaintiff was terminated does not plausibly constitute deliberate indifference to or tacit authorization of any alleged violative practice or constitutional violation.  For these reasons, and for the reasons set forth in the Court's Memorandum and Order dated August 26, 2013, this matter will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 28th day of October, 2013.

                          BY THE COURT:

                          /s/ Lyle E. Strom
                          _____
                          LYLE E. STROM, Senior Judge
                          United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.