IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNELL KING, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3061 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT P. HOUSTON, Director, | ) | MEMORANDUM AND ORDER |
| DIAN SABATKA-RINE, Warden, | ) | |
| JOANNE HILGERT, Tek Ind. | ) | |
| Supervisor, and C.S.I. | ) | |
| DIRECTOR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's Motion to Compel Discovery (Filing No. 32) and Motion for Extension of Time (Filing No. 33). Plaintiff seeks an order compelling the Nebraska State Penitentiary ("NSP") "to provide the U.S. Marshals (only), with the Defendant(s) named herein home address, work location and phone numbers so that the U.S. Marshal(s) can finally serve the Defendant(s)." (Filing No. 32 at CM/ECF p. 1.) In addition, plaintiff seeks an extension of time in which to serve defendants with process.

Because plaintiff is proceeding in forma pauperis, he is entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). In addition, pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue

and serve all process, and perform all duties in such cases." See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997). However, it is a plaintiff's responsibility to provide the process servers with the necessary information for service of process. See Gustaff v. MT Ultimate Healthcare, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 (N.D.N.Y. May 24, 2007).

      Here, plaintiff seeks an order compelling NSP officials to provide the Marshals with the necessary information for service of process on defendants Mel Soyh and Joanne Hilgert, employees of defendant Tek Industries, Inc. The undersigned judge questions whether NSP officials would be in possession of such information given that Tek Industries, Inc. no longer operates within NSP. Regardless, NSP is a non-party to this action and cannot be compelled to provide such information without first being served with a request for it. Ordinarily, such a request must be made by filing a motion for a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45. However, such a motion is unnecessary at this time because plaintiff has provided the necessary information for service of process on Tek Industries, Inc. and the Court will direct the Marshals to serve Tek Industries, Inc. at the address plaintiff

has provided. (*See* Motion to Compel at Filing No. 32 at CM/ECF p. 1.) If, after serving Tek Industries, Inc. with process, plaintiff is unable to obtain the necessary information for service of process on Mel Soyh and Joanne Hilgert, plaintiff may seek information from a non-party through the process laid out in Rule 45. For now, his Motion to Compel Discovery (Filing No. 32) will be denied.

The Court will direct the clerk's office to complete, sign, and forward a summons form and USM-285 form to the United States Marshals Service along with a copy of the complaint and amended complaint for service of process on Tek Industries, Inc.[1] *See Moore*, 123 F.3d at 1085-86 (holding it was error for the Court to require a plaintiff proceeding in forma pauperis to fill out service of process forms where plaintiff had furnished "the information necessary to identify the defendant"). In addition, the Court will extend the time in which plaintiff has to serve defendants with process by 30 days.

---

[1] Plaintiff is cautioned that it is *his* responsibility to properly identify where Tek Industries, Inc. can be served. *See Gustaff*, 2007 WL 2028103, at *3; *Gonzalez*, 489 F. Supp. 2d at 184. If Tek Industries, Inc. cannot be effectively served with process at the address plaintiff has provided, the failure will be imputed to him, and his claims may face dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS ORDERED:

1. Plaintiff's Motion to Compel Discovery (Filing No. 32) is denied.

2. On the Court's own motion, the clerk's office is directed to complete, sign, and forward a summons form and USM-285 form to the Marshal along with a copy of the complaint and amended complaint for service of process on Tek Industries, Inc. (*See* address for Tek Industries, Inc. at Filing No. 32 at CM/ECF p. 1.) The Marshal shall serve the summons, complaint, and amended complaint without payment of costs or fees.

3. Plaintiff's Motion for Extension of Time (Filing No. 33) is granted. Plaintiff has until November 7, 2014, to complete service of process in this matter. The clerk's office shall term the following pro se case management deadline: October 7, 2014: Check completion of service of summons. The clerk's office shall set a pro se case management deadline using

the following text:  November 7, 2014: Check completion of service.

DATED this 18th day of August, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

-5-