IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONNELL KING, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3061 |
| | ) | |
| v. | ) | |
| | ) | |
| JOANNE HILGERT, MEL SOYH and | ) | MEMORANDUM OPINION |
| TEK INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendant Tek Industries, Inc.'s ("Tek") unopposed Motion to Dismiss (Filing No. 40) filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court will grant Tek's motion.

### I.   BACKGROUND

**A.   Complaint and Amended Complaint**

King filed his complaint (Filing No. 1) on March 15, 2013. The Court conducted a preservice screening of the complaint in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A), after which King filed an Amended Complaint (Filing No. 14).

King alleged in his Amended Complaint that he is a black male who, at the time he filed this action, was incarcerated at the Nebraska State Penitentiary ("NSP") in

Lincoln, Nebraska.[1] (Filing No. 14 at CM/ECF pp. 1-2.) King was employed by Tek "for several years" while he was incarcerated at NSP. (*Id.* at CM/ECF p. 2.) King described Tek as "a Private Prison Contractor Corporation operating within the Department of Corrections." (*Id.*)

King alleged that on February 6, 2010, he discovered a blue cylinder containing a white substance on the floor of the restroom while he was working at Tek. A NSP correctional officer observed him "smelling the cylinder," and then accused him of "snorting" the white substance. (*Id.*) A nurse later determined "there was no evidence that would suggest that [King] snorted any white substances." (*Id.*)

King alleged a disciplinary committee later found him "guilty of possession/drug abuse." (*Id.*) The documents King attached to his original complaint -- items he refers to as "exhibits" -- reflect that the prison's disciplinary committee held a hearing on March 2, 2010. It found:

> [King] guilty of drug abuse by possessing an item containing a white powdered substance that was identified by the state lab as Bupropion which is an abusive prescription medication that was not prescribed to this inmate as

---

[1] King now resides at the Tecumseh State Prison in Tecumseh, Nebraska. (*See* Filing No. 45, Notice of Change of Address.)

> identified by the Pharmacy. Inmate
> guilty of disobeying by not
> immediately complying with staffs
> orders to hand over the blue rubber
> cylinder containing an abusive
> medication. Inmate attempted to
> wash the tube out with water prior
> to handing it back to staff.

(Filing No. 1 at CM/ECF p. 32.) The disciplinary committee sentenced King to 14 days of room restriction on the drug charge, and 7 days of room restriction on the disobeying-an-officer charge. (*Id.*)

King alleged he returned to work following the incident, but was terminated by Tek on February 28, 2010. (Filing No. 14 at CM/ECF p. 4.) The "Employee Termination" Memorandum attached to King's complaint cites the "Reason for Termination" as "Tek's policy on drug abuse." (Filing No. 1 at CM/ECF p. 33.)

Upon King's termination, defendants Joanne Hilgert and Mel Soyh (Tek supervisors) informed King that Tek has a "zero tolerance" policy. (Filing No. 14 at CM/ECF p. 4.) Hilgert and Soyh also informed King he would be allowed to reapply for a job at Tek after two years as long as he did not receive a Class I or Class II misconduct report during those two years. (*Id.*)

King attached a document setting forth Tek's company policies and guidelines to his complaint. (*See* Filing No. 1 at

-3-

CM/ECF pp. 34-38.) It provides Tek has a "zero tolerance" drug policy. (*Id.* at CM/ECF p. 36.)

One year after Tek terminated King's employment, inmate Ricky Wilcox, a white Tek employee, was found in possession of an altered highlighter with a metal screw attached to it while at work. (Filing No. 14 at CM/ECF p. 6.) King alleged the prison disciplinary committee found Wilcox guilty of possession or manufacture of dangerous contraband and sentenced him to 30 days of segregation. (*Id.*) King alleged Tek allowed Wilcox to return to work following his release from segregation "like nothing ever happen[ed]." (*Id.* at CM/ECF p. 2.)

King set forth in his Amended Complaint that Tek's actions in terminating his employment, but not Wilcox's employment, were discriminatory. Specifically, he argued:

> [] King was terminated for violating Tek Drig [sic] policy by being in possession of a contraband on company premises. **See, Termination Document filed by Tek Supervisor Joanne Hilgert**. If this is in fact, Tek Policy, then this policy supposed to apply to Ricky Wilcox, who is a White inmate who violated a more serious offense than King by manufacturing a dangerous weapon which is prohibited. This is very unfair, Wilcox **was not terminated**, nor was he discipline[d] by Tek Industries in anyway [sic]. This is very

-4-

>   wrong and my reason for grieving
>   this matter.

(*Id.* at CM/ECF p. 7 (emphasis in original).) King alleged that over the previous 10 years, Tek's hiring ratio was 90% white and Tek had fired 95% of its black employees. (Filing No. 1 at CM/ECF p. 4.)

**B.   Court's Order of Dismissal**

The Court dismissed this action without prejudice on October 28, 2013, for failure to state a claim upon which relief may be granted (Filing No. 15). With respect to King's claims against Tek and Tek supervisors Hilgert and Soyh, the Court determined King did not exhaust his administrative remedies prior to filing an employment discrimination suit in federal court under Title VII. (*Id.* at CM/ECF p. 3.)

The Court also dismissed King's claims against prison officials Robert Houston and Diane Sabatka-Rine. King alleged Houston and Sabatka-Rine failed to take his grievances and complaints about Tek's discrimination of him "seriously." The Court determined any failure to respond to his grievances did not state a substantive constitutional claim. (*Id.* at CM/ECF p. 4.)

**C.   Eighth Circuit's Order of Reversal**

On May 14, 2014, the Eighth Circuit Court of Appeals remanded the case back to this Court for consideration of claims

against Tek, Hilgert, and Soyh under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. (Filing No. 24.) The Eighth Circuit wrote, in relevant part:

> This court agrees that King failed to state a claim against Houston and Sabatka-Rine. King's allegation that Houston and Sabatka-Rine discriminated, without explaining how they were involved in Tek's employment decisions, was too conclusory to state a claim. Likewise, King's allegation that they did not adequately consider his grievances did not state a claim. This court also agrees that to the extent King was attempting to bring a Title VII claim, his failure to timely seek administrative remedies barred the claim.
>
> Liberally construed, however, King's complaint also could be understood to raise employment-discrimination and equal-protection claims under 42 U.S.C. §§ 1981 and 1983 against Tek and supervisors Hilgert and Soyh. The district court did not address these claims, and we remand the case for the court to consider them in the first instance.

(*Id.* at CM/ECF p. 3 (internal citations omitted).)

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

-6-

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court considers "[t]wo working principles," *id.*, in its analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To successfully assert a § 1983 claim, a plaintiff must at the outset plead facts demonstrating that the individual or individuals committing the offending action were acting under color of state law. *Rickmyer v. Browne*, 995 F.Supp.2d 989, 1012 (D. Minn. 2014) (citing *West*, 487 U.S. at 48). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Tek argues King did not set forth any factual allegations suggesting Tek was engaged in state action or was acting under color of state law when it terminated King's employment but not Wilcox's employment. (Filing No. 41 at CM/ECF

pp. 8-13.)  According to Tek, King's allegations and the documents filed along with his pleadings suggest just the opposite.  Tek set forth, in relevant part:

> The Amended Complaint refers to TEK as a private corporation. (Doc. 14, pp. 2, 17).  TEK identified itself as a private employer in dealing with King. (*Id.* p. 6).  Documents filed by King with his original complaint show that TEK paid King wages, not the Nebraska Department of Corrections (the "Department") or the NSP, similar to a typical private employer.  (Doc. 1, Ex. P, p. 41).  The documents also show that TEK gave King performance reviews, similar to a typical private employer.  (*Id.* Ex. P, pp. 39-40).  King alleges that TEK terminated his employment pursuant to TEK's own "zero tolerance" drug policy.  (Doc. 14, p. 5).  King does not claim that TEK's termination decision was somehow attributable to the Department or the NSP.  In fact, a document filed by King demonstrates that TEK independently communicated the decision to terminate King to Cornhusker State Industries.  (Doc. 1, Ex. H(1), p. 33).

(*Id.* at CM/ECF p. 11.)

Tek also argues King's allegations are consistent with how the Eighth Circuit Court of Appeals previously described Tek in its opinions in *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030 (8th Cir. 2005) and *Jones v. TEK Industries, Inc.*, 319 F.3d

355 (8th Cir. 2003). *See* Al-Zubaidy, 406 F.3d at 1034 ("TEK is a private corporation with a manufacturing facility in Fremont, Nebraska, and another manufacturing facility located at the Penitentiary in Lincoln, Nebraska.  Under an agreement with Cornhusker State Industries, acting under the authority of the Nebraska State Department of Corrections, TEK offers private venture employment to approximately 110 inmates at the Penitentiary."); Jones, 319 F.3d at 357 ("Inmates were employed by TEK while serving their sentences in the Nebraska State Penitentiary.  TEK is a private corporation that runs a manufacturing facility in the prison, at which approximately 120 inmates are employed.  Because TEK pays employees at least the minimum hourly wage, employment at TEK is desirable and competitive.").

Tek's arguments are compelling, and King (who failed to respond to the motion to dismiss) offered no rebuttal.  The Court agrees with Tek that nothing in the pleadings suggests a close nexus between the state and Tek's conduct so that Tek could be treated as a state actor.  King's allegations suggest only that Tek operates a business *within* a state facility, a business he specifically refers to as a private corporation.  (*See* Filing No. 14 at CM/ECF p. 2.)  Therefore, King's § 1983 claim against Tek

fails because there are no facts alleged to show that Tek acted under color of state law.

In addition, even if plaintiff could somehow demonstrate that Tek was acting under color of state law, he has not plausibly alleged a violation of a constitutional right. King argues Tek's employees violated his equal protection rights when they treated Wilcox differently than King. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998).

King did not allege that he and Wilcox were similarly situated in all relevant respects so as to state an equal protection claim. Indeed, his allegations are that King was terminated by Tek in February of 2010 based on Tek's zero-tolerance drug policy. In contrast, Wilcox was *not* terminated when, over one year later, he possessed or manufactured contraband. King did not allege Wilcox's conviction was drug

related or that Tek has a zero tolerance policy with respect to the possession or manufacture of contraband.

For the foregoing reasons, the Court finds King's claims against Tek should be dismissed because King failed to allege facts sufficient to show Tek or its employees were acting under color of state law.  In addition, King failed to identify any "similarly situated" individual so as to state an equal protection claim against Tek, Hilgert, or Soyh.

**B.   Section 1981 Claims**

Title 42 U.S.C. § 1981 provides in relevant part:

> All persons . . . shall have the
> same right . . . to make and
> enforce contracts, to sue, be
> parties, give evidence, and to full
> and equal benefit of all laws and
> proceedings for the security of
> persons and property as is enjoyed
> by white citizens, and shall be
> subject to like punishment, pains,
> penalties, taxes, licenses, and
> exactions of every kind, and to no
> other.

42 U.S.C. § 1981(a).

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race.  *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391

(1982); *Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1351 (8th Cir. 1988).

King did not allege Tek or its employees terminated King's employment because he is black. Indeed, King plainly alleged Tek terminated his employment because of its zero-tolerance policy on drug abuse. Moreover, any argument of an inference of discrimination fails because, as discussed above, King's allegations are insufficient to show King and Wilcox were similarly situated. *See Rodgers v. Univ. of Missouri Bd. of Curators*, No. 4:13CV1769 JAR, 2014 WL 4843909, *9 (E.D. Mo. Sept. 29, 2014) ("Plaintiff's allegations are essentially that Defendants discriminated against her and treated her differently because of her race, African American. Plaintiff's § 1981 claim . . . fails as a matter of law. . . . Plaintiff [] does not identify any similarly-situated individuals who Defendants treated more favorably, which dooms her claim."). For these reasons, King's pleadings do not state a claim under 42 U.S.C. § 1981.

**C. Unserved Defendants**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must "dismiss [a] case *at any time* if the court determines that [the action] . . . fails to

-13-

state claim on which relief may be granted[.]" 28 U.S.C. § 1915(3)(2)(ii) (emphasis added).

King named Tek Supervisors Joanne Hilgert and Mel Soyh as defendants in this matter. Summonses served on Hilgert and Soyh were returned unexecuted on July 25, 2014, and King made no further attempt to serve them with process. Regardless, the Court finds King's claims should be dismissed against Hilgert and Soyh pursuant to 28 U.S.C. § 1915(e)(2). King's complaint and Amended Complaint fail to state a claim against Hilgert and Soyh under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for the same reasons they fail to state a claim against Tek.

## IV. STATE LAW CLAIMS

The Court declines to exercise supplemental jurisdiction over any remaining state law claims because it will dismiss all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of March, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.